UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL L. HILL, an individual,

      Plaintiff,

v.

WEBER & OLCESE, P.L.C., a Michigan
company; and MICHAEL J. OLCESE, an
individual,

      Defendants.

Case No. 1:17-cv-812

Hon.

## COMPLAINT AND JURY DEMAND

Plaintiff Carol L. Hill, by and through her counsel, Westbrook Law PLLC, for her Complaint against Defendants Weber & Olcese PLC and Michael J. Olcese, states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, due to Defendants' unlawful activities in connection with attempting to collect a debt purportedly owed by Plaintiff. The purpose of the FDCPA is to "eliminate abusive debt collection practice by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

2. Defendants, who are debt collectors, have willfully violated the FDCPA by communicating directly with Plaintiff regarding collection of her debt, knowing that Plaintiff was represented by counsel in connection with that debt, disregarding their duty to communicate only

to and through Plaintiff's counsel, and without the consent of either Plaintiff or her counsel. 15 U.S.C. § 1692c(a).

## THE PARTIES

3.     Plaintiff Carol L. Hill is an individual residing in Grand Rapids, Kent County, Michigan. Plaintiff is a "consumer" as that term is used in the FDCPA.

4.     Defendant Weber & Olcese, P.L.C. ("W&O") is a Michigan company with a registered business address at 3250 West Big Beaver Road, Suite 124, Troy, Michigan 48084.

5.     W&O is a law firm that regularly engages in the collection of defaulted consumer debts purportedly owed to others and conducts business in the State of Michigan using interstate wires and mails. The principal business purpose of W&O is the collection of consumer debts.

6.     W&O is a "debt collector" as that term is defined in the FDCPA.

7.     Defendant Michael J. Olcese ("Olcese"), an individual, is an attorney licensed to practice in the State of Michigan and a member of W&O.

8.     Olcese regularly engages in the collection of defaulted consumer debts purportedly owed to others and conducts business in the State of Michigan using interstate wires and mails.

9.     Olcese is a "debt collector" as that term is defined in the FDCPA.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

11.     Venue is appropriate in this Court because the conduct complained of took place within this District.

## FACTUAL ALLEGATIONS

12.     In 2010, Plaintiff opened a credit card account with Comenity Bank and used that account to make purchases for personal and household purposes. In so doing, she incurred debt owing to Comenity Bank (the "Debt").

13.     Plaintiff became unable to make payments on the account in 2013, and the account became delinquent.

14.     In October of 2013, Comenity Bank wrote off the Debt and ceased its own attempts to collect it.

15.     In late 2014, Comenity Bank sold the Debt, along with a portfolio of other delinquent and written-off consumer debts, to Portfolio Recovery Associates, LLC ("PRA").

16.     PRA subsequently engaged Defendants to collect the Debt from Plaintiff, and on October 24, 2016, Defendants filed a collection lawsuit in the 61st District Court of the State of Michigan, Case No. 2016-GC-4230 ("Lawsuit").

17.     Plaintiff engaged counsel to represent her in connection with the Debt and the Lawsuit, and her counsel filed an Answer and Affirmative Defenses on February 27, 2017 and served them on Defendants.

18.     On March 27, 2017, Defendants filed a Motion for Summary Judgment in the Lawsuit. The caption page of that Motion, prepared by Defendants, lists the name and contact information of Plaintiff's counsel as attorney for Plaintiff Carol L. Hill.

19.     A consent judgment was entered in the Lawsuit on June 6, 2017.

20.     On July 6, 2017, in furtherance of its efforts to collect the Debt, Defendants sent a subpoena to Target National Bank and to Plaintiff (the "Subpoena," Ex. 1).

21.     The Subpoena sought information relating to Plaintiff's bank accounts to facilitate Defendants' garnishment of Plaintiff's funds to pay the Debt. (*Id.*)

22.     Plaintiff's bank account may not lawfully be garnished, because Plaintiff's sole source of income is Social Security Disability benefits that are exempt from garnishment under 42 U.S.C. § 407.

23.     Although Defendants knew Plaintiff was represented by counsel in connection with the Debt, Defendants sent the Subpoena directly to Plaintiff and did not send a copy or otherwise provide any notice to Plaintiff's counsel regarding the Subpoena.

24.     Defendants did not obtain permission from Plaintiff, any court, or Plaintiff's counsel to communicate with Plaintiff regarding the Debt.

25.     Defendants did not contact, and did not attempt to contact, Plaintiff's counsel regarding the Subpoena or any other collection efforts taking place after June 6, 2017.

26.     Had Defendants contacted Plaintiff's counsel, Plaintiff's counsel would have communicated to Defendants that Plaintiff's bank account contained only funds that were exempt from garnishment.

27.     Upon information and belief, as a result of banking information it obtained through the Subpoena, Defendants have issued a Request and Writ for Garnishment to Plaintiff's bank, causing Plaintiff to incur processing charges.

### FDCPA, 15 U.S.C. §§ 1692c, 1692k

28.     It is unlawful for a debt collector to communicate directly with a consumer in connection with collection of a debt when the debt collector knows the debtor is represented by counsel with respect to the debt. 15 U.S.C. § 1692c(a).

29.     Defendants violated 15 U.S.C. § 1692c(a) by communicating directly with Plaintiff in connection with attempting to collect the Debt, knowing Plaintiff was represented by counsel in connection with the Debt.

30.     Defendants' violation of 15 U.S.C. § 1692c was willful.

31.     Plaintiff has suffered actual harm as a result of Defendants' violation of 15 U.S.C. § 1692c, including monetary harm and violation of her substantive right, provided by the FDCPA, to have communications regarding the Debt routed through her counsel and not directly to Plaintiff.

WHEREFORE, Plaintiff requests that judgment be granted in her favor specifying the following relief:

a.  Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

b.  Statutory costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

c.  Such further relief as the Court deems just and proper.


Respectfully submitted,

Dated:  September 6, 2017                    /s/ Theodore J. Westbrook
                                            Theodore J. Westbrook
                                            **Westbrook Law PLLC**
                                            Attorney for Plaintiff
                                            6140 28th St. SE, Suite 115
                                            Grand Rapids, MI 49546
                                            twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiff Carol L. Hill, by and through her counsel, hereby demands a trial by jury as to all claims and issues so triable.


Respectfully submitted,

Dated:  September 6, 2017                  /s/ Theodore J. Westbrook
                                           Theodore J. Westbrook
                                           **Westbrook Law PLLC**
                                           Attorney for Plaintiff
                                           6140 28th St. SE, Suite 115
                                           Grand Rapids, MI 49546
                                           twestbrook@westbrook-law.net